WEBB & HEPP vs. BROWNING & BUSHNELL.

1. A written agreement by the agent of a mercantile firm, within the scope of his general authority, employing attorneys to prosecute suits for his principals, is admissible evidence against them, to prove the value of the services, after the contract has been fully executed, although the agent had no authority in writing, to execute such written agreement for his principals.

2. An attorney performing professional services for another, by his consent, without an express agreement as to the price of the services, is entitled to recover what they may be proved to have been reasonably worth.

3. When the law has been properly given to the jury, it is no error to refuse another instruction presenting the same legal proposition, in a different way.

## APPEAL from St. Louis Court of Common Pleas.

Todd & Krum, for respondents.

I. When a special parol contract is executed, for labor and services, suit, for the compensation, may be instituted in general indebitatus assumpsit, and the agreement given in evidence to show the compensation agreed to be paid.

II. The objection by the court to the question of the defendants put to the witness Graves, about the meaning of the written contract given in evidence, was legal. Besides, no exception was taken thereto.

III. The instructions given by the court fully covered the case, both as to the law and the facts, and were right, and were as much protection to the rights of the appellants as the facts in the case authorized.

Ryland, J., delivered the opinion of the court.

The appellees, Browning and Bushnell, partners, doing business under the name and style of Browning & Bushnell, brought their action of assumpsit against the defendants, Alexander F. W. Webb and Edward Hepp, partners trading under the name of A. F. W. Webb & Co. in the St. Louis court of common pleas at the September Term, 1849.

The defendant below appeared and plead the statutory general issue. The plaintiff's declaration contained the common counts for work and labor, care and diligence, and for money had and received, and for money laid out and expended, &c.

On motion the plaintiffs were ruled to file a bill of particulars of the demand, which contained the following items :

"1848, for professional services as your attorneys in the circuit court of Hancock county, Illinois, $20 00.

"To professional services as your attorneys in your suit against Thos. Biddison and Benjamin Cobb, in the circuit court for the United States in Illinois, $130 00 "

At February Term, 1850, a trial was had and a verdict was found for plaintiffs for one hu... and fi... ...ght dollars and twenty-five cents Judgr... ...plaintiffs.

The defend... ...motion for a new trial, which was

overruled, excepted to and the defendants bring the case here by appeal.

It appears from the bill of exceptions that W. H. Graves, an agent for the defendants, who was travelling and doing business for them in Illinois, and who was engaged in selling goods for defendants; sold some goods in Illinois to the customers of the defendants, without first having obtained a license for that purpose; therefore the goods of the defendants in the possession of said Graves were seized and taken from him and he was arrested. This witness, Graves, had employed the plaintiffs to attend to suit for the defendants Webb and Hepp in Hancock circuit court, in Illinois, nothing was said about the fee, until after the services were rendered and performed; the plaintiffs then said the fee was fifty dollars; witness thought the fee reasonable, as the plaintiffs labored hard in the case.

Witness also employed plaintiffs to sue for the goods taken from him when he was arrested, and produced a written contract, as follows:

"Alexander F. W. Webb and Edward Hepp, trading and doing business under the name, style and description of A. T. W. Webb & Co., against Thomas Baldwin and Benjamin Cob. Trespass: in the district court of the United States for the district of Illinois. We have employed Messrs. Browning & Bushnell to prosecute the above suit for us, until it is finally disposed of in said court, for which we are to pay them one hundred and thirty dollars. Messrs Browning & Bushnell are also to engage the services of S. F. Logan, Esq., of Springfield to assist them in the case.                    A. F. W. WEBB & CO.,

Feb. 9th, 1848.                    By WM. GRAVES, Agent."

The defendants objected to this writing being read in evidence to the jury; objection was overruled and the writing read in evidence. It also appears that the plaintiffs employed Mr. S. F. Logan as agreed by them; that they brought the suit and had it prepared for trial, when it was dismissed by the order of the plaintiffs, they having compromised it, having obtained their goods.

There also appears testimony showing the reasonableness of the above charges. It was also in proof that the agent Graves had no written authority to make contracts in the name of his principals; but he had often done so for them, and they had sanctioned it. And in this case the agent said he informed the defendant, Hepp, of what he done respecting the suits; that he was directed to consult with their law adviser, Mr. Harens, who stated that he, the agent, had acted well and shrewdly in the business.

When the above agreement was read to the jury, the defendants asked

the witness what he and the plaintiffs really meant by the agreement? The court interfered and said, the agreement speaks for itself. It also appears that Messrs. Browning & Bushnell are very good lawyers, of high character and standing in their profession, and that from the labor and care such a case would require, the price agreed upon was but reasonable and fair.

The plaintiffs asked the following instruction, which was given:

"If the jury believe from the evidence that there was no express contract made with plaintiffs, by the agent of the defendants, and that the plaintiffs with the knowledge of the defendants and by their consent or request rendered professional services to the defendants, the plaintiffs are entitled to recover what their services are proved to have been reasonably worth."

The defendants excepted to the giving this instruction.

The defendants asked the following instruction:

"If the jury believe from the evidence that the charges of Browning & Bushnell are not warranted by the evidence, then they may render a verdict for such an amount as they think just."

Which the court refused to give, and the defendants excepted.

The court, then, on its own motion, gave the following instruction:

If the jury believe from the evidence that William Graves was on the 9th of February, 1848, the agent of A. F. W. Webb & Co., and that in the scope of his general authority as agent for said copartnership, he employed attorneys to prosecute suits for said partnership, and that the defendants in this cause, were on the 9th of February, 1848, partners doing business under the name and style of A. F. W. Webb & Co. and that said graves as their agent, within the general scope of his authority, signed for them the contract read in evidence and that said plaintiffs did prosecute the suit named in said contract until it was finally disposed of, and engaged the services of T. F. Logan to assist them in the case, then the plaintiffs are entitled to recover the amount stipulated to be paid by said contract.

The defendants excepted to this instruction.

From the above statement, it will be seen that the instructions given and refused by the court, and the act of court in permitting the written contract to be read in evidence to the jury are the main grounds on which, the appellants rely for a reversal of the judgment below.

We do not perceive any error in either of these acts of the court of common pleas. The agreement was competent evidence. The contract had been completely performed by the plaintiffs. They the could sue in indebitatus assumpsit; and the agreement might be given

in evidence to show the price stipulated between the parties to be paid.

As to the instructions, we see no error in them.  The first one given covers the case as far as it respects the fee in the circuit court of Hancock county, Illinois, and it embraces the whole law of that part of the case.  It was then entirely useless to give the instruction asked for by the defendants, as it could only from the evidence be applied to that part of the plaintiffs' demand.  The refusal to give it was therefore proper, as the law had so far as regards that part of the transaction been already properly laid down.

The instruction which the court gave to the jury on its own motion, we also consider proper.  It placed the law of the case so far as it regarded the contract to prosecute the suit against Bedison & Cobb, properly before them.  It called the attention of the jury to the authority of the agent Graves to make such contract; it called their attention to the evidence so far as the acts of the plaintiffs were necessary in order to entitle them to a recovery.

This instruction put the whole case so far as the last item in the bill of particulars is concerned, correctly and plainly before the jury.  It is protective of the rights of both parties; and I can see no cause the defendants below have to complain of the acts of the court of common pleas.

The judgment of the court below is affirmed.